No. 36.—JOHN PINKERTON, plaintiff in error, *vs.* WILLIAM TUMLIN, and others, defendants in error.

Under the exempting acts, it is only in cases in which the head of the family owns a *greater quantity* of land, than that exempted from levy and sale, that any land is required to be laid off with notice to the Sheriff, &c. In cases in which the quantity is less, the whole is exempt; and the Sheriff can sell none of it.

In Equity, from Cass Superior Court. Decision by Judge TRIPPE, July 1856.

Bill for injunction, filed by John Pinkerton, against E. A. Brown, William Tumlin, and Christopher Dodd, defendants.

Complainant alleges that for a number of years he has been the owner and in possession of two lots of land in the county of Cass, to-wit: Nos. 699 and 700, each containing forty acres of the value of not more than two hundred dollars. That the Sheriff of Cass county, under and by virtue of a *fi. fa.* issued against complainant at the suit of Enoch B. Pressley, levied on said land and advertised the same to be sold on the first Tuesday in March 1855; that before the sale, complainant procured the county surveyor to survey and lay off from said lots fifty acres, including the dwelling house of complainant, which were valued by a Justice of the Peace and one other person, at an amount not exceeding two hundred dollars. Pressley was notified to select some person to assist in said valuation, which he declined to do. Said survey was made on the 6th day of March, 1855, and before said land was offered for sale, returned to the Sheriff, together with a notice by complainant of the boundaries of said fifty acres claimed by him as exempt from levy and sale, under and by virtue of the statute in such case made and provided: said sale was not made as advertised, after the service of said survey and notice upon the Sheriff. Said land was afterwards advertised and sold at a postponed sale on the first Tuesday in August, 1855, to William Tumlin, at and for the

sum of two hundred dollars, together with other lands adjoining, and to which complainant had no claim; said land was worth fifteen hundred dollars, but the small amount for which it sold, was owing to its exemption as aforesaid; that Christopher Dodd and the Sheriff were interested in the said sale thus illegally made.

The bill also states that the complainant is an ignorant man, and that in having the survey made and notice given, as aforesaid, he acted without the aid of counsel, and that although he had six children under the age of fifteen years, he thought that he was entitled to the exemption of only fifty acres, and therefore it was that he had the survey made as aforesaid; that he has six children under the age of fifteen years.

The bill prays that said Tumlin, Dodd, and Brown be enjoined from dispossessing complainant, and that the said fifty acres of land be decreed to vest in the wife and children of complainant, free from levy and sale for the debts of complainant.

Defendants, Tumlin and Dodd, by their answer admit the possession of complainant of the land in controversy, and the levy and sale thereof by the Sheriff, but they deny that the same was ever surveyed or valued, or that Pressley or they ever had any notice thereof, and they aver that the house and improvements are worth four hundred dollars.

They have been informed since the filing of the bill, that the county surveyor did show to the Sheriff a survey of the fifty acres, on the 1st Tuesday in March, 1855, and the sale was postponed, not in consequence of said survey, but because said Pressly directed him, by letter brought to him by complainant, to postpone the sale, and complainant promised to pay the debt in three or four months. They deny that Brown, the Sheriff, had any interest or ever did have any in said sale, but admit that they were united in the purchase, and that the reason said land sold for only two hundred dol-

lars was, because of the doubt and distrust entertained in relation to the title of complainant.

Upon hearing the bill and answer, the Judge, on motion, dissolved the injunction and complainant excepts, and assigns error thereon.

WOFFORD, for plaintiff in error.

AKIN, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Ought the Court below to have dissolved this injunction ?

Not if the plaintiff was entitled to have the Sheriff's sale set aside, and the Sheriff's deed delivered up to be cancelled. Was the plaintiff entitled to this relief?

We think so, taking the bill to be true; and we have to take the bill to be true, as most of its important allegations are, either not denied at all by the answer, or are denied only on hearsay and belief.

Taking the bill to be true, the plaintiff had six children under fifteen years of age; and he owned eighty acres of land; such land as might by the exempting acts of 1841 and 1843, be exempt from sale for the plaintiff's debts.

If all this is true, the land *was* exempt from sale for the plaintiff's debts, for the exempting Act of 1841, says: "That every white citizen of this State, male or female, being the head of a family, shall be entitled to own, hold and possess, *free* and *exempt* from levy and sale by virtue of any judgment," &c., "twenty acres of land, and the additional sum of five acres for each of his or her children under the age of fifteen."

And the Act of 1843, amendatory of this, raises the twenty acres of this to fifty, but does not affect this, as to the five acre parcels. *Cobb's Dig.* 389, 390.

The plaintiff having six children, and no part of the eighty acres being such as falls within any of the exceptions of

these statutes, the *whole* of the eighty acres was *free and exempt* from levy and sale under any judgment against him. This is what the statutes themselves, in so many words, say.

A Sheriff can have no authority to sell under a judgment, what is by law specifically exempted from sale under that judgment by him.

Therefore, this Sheriff could have had no authority to sell this eighty acres of land. But he did sell it. Therefore, the sale ought to be set aside, and the deed made by him cancelled.

This is the relief to which the plaintiff is entitled. No other relief is adequate. Manifestly, a suit against the Sheriff for a trespass and damages, would be a poor compensation for the loss of home, to a man with a wife and six children, the oldest not fifteen.

The part of the exemption Act of 1841, that requires a survey, &c. to be made of the lot that is to be exempt from sale, applies not to such a case as the present, but to cases in which, the " head of the family" owns "a greater quantity of land than that exempted from levy and sale" by the part of the Act already referred to.

We think therefore, that the Court erred in dissolving the injunction.

Judgment reversed.