W. L. CARR, executor, *et al.*, plaintiffs in error, *vs.* D. H. HOUSER, administrator, defendant in error.

A purchase by a Receiver, as agent of another, of property sold at his own sale, made under order of Court, is voidable at the election of a party having a beneficial interest in the property, and when such election is promptly made, the sale will be set aside.

Receiver's sale. Purchase by Receiver. Before Judge COLE. Houston county. At Chambers. January 4th, 1872.

David H. Houser, on behalf of himself and other creditors of Carr & Jones, and as administrator of Edward W. Jones, one of the members of said firm, and W. L. Carr, as executor of the last will and testament of Joseph N. Carr, the other member of said firm, filed their bill against the heirs-at-law of said Jones and the legatees of said Carr, in which the appointment of a Receiver was prayed to take charge of the partnership property of said late firm of Carr & Jones and to sell the same. On October 24th, 1870, Judge Cole appointed the complainant, David H. Houser, such Receiver, upon his giving bond and security in the sum of $10,000, and directed him to take possession of the realty and personalty of said late firm and to sell the same, after thirty days' advertisement, at the Court-house in Perry, Houston county, at public outcry, to the highest bidder.

Carr *et al. vs.* Houser.

The Receiver reported to the January Term, 1871, of Houston Superior Court that he had sold a part of the realty belonging to said Carr & Jones on the first Tuesday in January, 1871, when the same was bid off by John A. Houser for the sum of $2,100.

W. L. Carr, as executor as aforesaid, and as a legatee under the will of Joseph N. Carr, deceased, and Holland Carr, also a legatee under said will, objected to the report of said Receiver upon the following among other grounds :

1st. Because he, the said David H. Houser, proceeded to have the said lands and mills sold for one-half cash and the other on time, and bid them off himself by his own bid, and for himself, as it is believed, and which was so publicly announced at the time by the crier, at the pitiful sum of $2,100, when the property was worth at the time $8,000 or $10,000, and which said Houser well knew ; and, therefore, they say that said pretended, fraudulent sale should be set aside for the gross inadequacy of the price for which said lands and mills sold ; that, indeed, there has been no legal sale by the said Houser, Receiver, to himself, and that the title to the property sold is not at all changed by said pretended sale.

2d. Because the said John H. Houser did not purchase said land and mills, and if his brother, the said David H. Houser bid them off for the said John H. Houser, which is denied by these objectors, it was all done with full notice by both of said Housers of the before-mentioned facts, and the gross inadequacy of the price should forbid the recognition of said sale as valid by any Court.

The Receiver made a separate report as to the sale of a certain other tract of land belonging to said late firm of Carr & Jones, to which substantially the same objections were filed.

On the 4th day of January, 1872, at Chambers, Judge Cole passed an order confirming said sales, it having been agreed between the parties that said objections should be heard in vacation. Whereupon plaintiffs in error excepted to said order, and now assigns the same as error.

Nichols *vs.* Chandler *et al.*

WARREN & GRICE, for plaintiffs in error.

DUNCAN & MILLER, for defendant.

MONTGOMERY, Judge.

The Receiver who bid the property off at his own sale insists he did so as agent of his brother, and not for himself, and therefore contends the sale is valid  Unless there is a distinction in this respect between a Receiver's and a sheriff's sale (which is not perceived) the question is not an open one. Indeed, the Court has gone so far as to declare such a sale absolutely void.   It is sufficient for the purposes of this case to say that such a sale is clearly voidable at the election of a party having a beneficial interest in the property, and when such election is promptly made, as was done in this case, the sale will be set aside.

In *Harrison vs. McHenry*, 9 *Georgia*, 164, this Court held that a sheriff cannot purchase at his own sale, either for himself or as agent of another, but such purchase is void. The reasons given for the decision there apply with full force here.   The sale should have been set aside.

Judgment reversed.