DYKES, trustee, *vs.* McVAY, administratrix.

1. A deed made by a trustee with the assent of the sole beneficiary, who was *sui juris,* was good; and though made to secure a debt, passed the title.

(*a.*) The assent of the beneficiary being on the deed, and part of it, was property recorded with it, and being in writing, is sufficient evidence of her consent to the sale.

2. A deed to secure a debt passes the legal title, and will authorize a recovery in ejectment.

3. That the holder of a deed to secure a debt, under section 1969 *et seq.* of the Code, recovered judgment, and made and filed a deed to the debtor for the purpose of levying on the land, did not pass the title back to the debtor. It was a mere escrow except for the purpose of levy and sale.

(*a.*) This was not altered by the fact that the debtor obtained the deed from the clerk's office without the knowledge of the creditor by paying recording fees therefor; and parol testimony was admissible to show such fact.

4. Semble, that suing to judgment the notes to secure which the deed was given would not bar an action of ejectment on the deed; and that the pendency of an affidavit of illegality to a levy under a judgment so rendered would not be good as a plea in abatement. The proper equitable defense is to pay the debt and demand a reconveyance.

Deeds. Title. Ejectment. Debtor and Creditor. Evidence. Before Judge PATE. Pulaski Superior Court. November Adjourned Term, 1880.

McVay brought ejectment against Dykes, trustee. On the trial the evidence showed, in brief, the following facts:

Dykes, as trustee of Mrs. McGriff, conveyed the land now sued for to McVay to secure a debt. The deed was an ordinary warranty deed, signed by the trustee. On it, and recorded with it, was an affidavit by Mrs. McGriff to the effect that as sole beneficiary of the trust she voluntarily consented to the making of the deed. This was attested like an ordinary affidavit. Suits were brought on the notes representing the debt ; judgments were rendered, *fi. fas* issued and levied. For the purpose of asserting his lien on the land under §1969 *et seq.*, of the Code, plaintiff made a deed conveying the land to defendant ; this was left with the clerk of the superior court with instructions to record and keep it. As to the exact present status of the suits on the notes the record is somewhat confused. On this subject plaintiff's attorney testified as follows : " The *fi. fas* were withdrawn by witness and the levies dismissed, because the *fi. fas* were void. He commenced suit again in justice's court, which was defended, and an appeal entered by defendant and returned to this court, where it is still pending." In the record is an affidavit of illegality, indicating that the matter was pending under the issue so formed ; while defendant offered to plead that the *fi. fas* had been levied on the land, which had been claimed by the beneficiary or beneficiaries of the trust estate, and that the claim had never been disposed of ; and that having elected so to proceed, plaintiff could not afterwards bring ejectment. [The court rejected this plea as coming too late after the first term.] Shortly before the trial defendant went to the clerk, paid the recording fee, and obtained possession of the deed which had been filed by plaintiff, without the knowledge of the latter.

The jury found for the plaintiff. Defendant moved for a new trial, on the following among other grounds :

(1.) Because the verdict was contrary to law and the evidence.

(2.) Because the court admitted in evidence, over objec-

tions of defendant's counsel, the indorsement of Mrs. McGriff on the deed of her trustee, without further proof than the fact that it was recorded, counsel claiming that it was improperly placed on record.

(3.) Because the court charged, in effect, that if the deed from McVay to Dykes, trustee, was merely deposited in the clerk's office for the purpose of levying on the land, and the land was not sold under the *fi. fas.*, it did not pass the title out of McVay, and the defendant was not entitled to the possession of it.

(4.) Because the court admitted parol testimony to show that said deed was deposited in the clerk's office in order to levy on the land in accordance with §1969 *et seq.* of the Code, and to show how defendant obtained possession of it.

(5.) Because the court refused to allow defendant's plea as set out above.

The motion was overruled, and defendant excepted. McVay having died, his administratrix became a party.

L. C. RYAN; J. B. MITCHELL, by brief, for plaintiff in error.

J. A. THOMAS; J. WATSON, for defendant.

JACKSON, Chief Justice.

This was an action of ejectment brought for the recovery of a tract of land. The land had been conveyed by deed to the plaintiff by the defendant to secure a debt. The plaintiff had sued the debt to judgment, conveyed the land back in order to sell it to pay the judgment, levied upon it, and was met by affidavit of illegality, which was pending on appeal when plaintiff sued in ejectment for the land, and recovered a verdict. A motion was made for a new trial; it was denied, and defendant excepted.

1. The deed made by the trustee with the consent of the sole beneficiary was good. Code, §2327. Though made to secure a debt, it passed the title. The assent of

the beneficiary being on the deed, and part of it, was properly recorded with it, and being in writing is sufficient evidence of her consent to the sale.   54 *Ga.*, 529.

2. That a deed to secure a debt passes the legal title and will authorize recovery in ejectment, see 55 *Ga.*, 691 ; 58 *Ib.*, 459, and cases *seq.*

3. The plaintiff's deed back to defendant filed in the clerk's office in order to sell the land under the execution for the debt, did not pass the title to defendant except for sale by the sheriff.   It was not delivered to defendant, but he got it from the clerk's office by paying the recording fee and without the knowledge of plaintiff.   It was right to let in parol proof to show how he got it, and that evidence shows that it was without the knowledge or consent of the plaintiff.   Except for sale under the *fi. fa.*, it was a mere escrow.

4. We hardly think that the suing the debt to judgment barred the ejectment suit.   The cause of action is not exactly the same.   One is for the debt, and judgment on it would bind all defendant's property ; the other is for the land, title to which was given to secure this debt.   Under section 2894 of the Code, they must be for the same cause of action to require election.   Nor is the pendency of the illegality to the execution, when levied on this land, a bar to this suit for the land, as now it seems to us ; but it is unnecessary to rule these points.   The court below rejected the pleas and evidence under them, because filed too late, being in his judgment, pleas in abatement, for which he has authority.   39 *Ga.*, 559.

. The only real defense to the action is to pay up the debt.   When the defendant does that, or tenders it, he is entitled in equity to a reconveyance ; but if he wants equity, he must do equity ; if he stands on law, the legal title is in the plaintiff, and he must fall.   57 *Ga.*, 601.

Judgment affirmed.