ANDERSON *vs.* ROBINSON.

1. If a deed was made by a vendor to his purchaser, and filed in the office of the clerk of the superior court, merely as a part of his remedy to collect the purchase money for the land, it was an escrow, and passed no title to the grantee therein until he paid or tendered the purchase money.

(*a.*) Ejectment having been brought, and it being in question whether the deed to plaintiff had ever been delivered, or whether the purchase money had been tendered, evidence was admissible to show that, at the time defendant went into possession, the plaintiff recognized the land as belonging to the person from whom it was purchased, and that defendant was to pay plaintiff $100 for it when, he could procure the vendor's deed—that the latter had the title, and plaintiff would procure it from him.

(*b.*) Under the facts of this case, the ends of justice will be better subserved by a new trial

September 9, 1884.

Deeds. Escrows. Ejectment. Evidence. Before Judge ESTES. Lumpkin Superior Court. April Term, 1884.

James M. Robinson brought complaint for land against William Anderson. The abstract of title attached to the declaration is set out in the decision. Both parties produced chains of title under Thomas J. Payne. Plaintiff claimed under a bond for title from Payne to W. H. Robinson, dated in 1861, and a deed between the same parties dated May 24, 1871. W. H. Robinson made a deed to

J. M. Robinson. Defendant introduced a sheriff's deed to Payne under a *fi. fa.* in favor of Payne against W. H. Robinson, dated September 9, 1871. He tendered a deed from the executors of Payne to him, dated in 1882, but it was rejected because of the absence of a certified copy of the will under which they were acting. Defendant also proposed to testify that he went into possession twelve or thirteen years ago as a purchaser from J. M. Robinson; that the latter recognized the title of Payne, and that the defendant was to pay him $100.00 if he could obtain a title from Payne, which he did not do. This also was rejected by the court.

The jury found for the plaintiff. Defendant moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) "The court erred in refusing to permit defendant, William Anderson, to testify in said case, when asked the question by his counsel, whether or not the plaintiff, Robinson, did not recognize that T. J. Payne had the title to the land in dispute when defendant went into possession of it, and that defendant was to give plaintiff, Robinson, one hundred dollars for the land if Robinson would buy up Payne's title, which said plaintiff, Robinson, refused to do; that said defendant, Anderson, went into the possession of said land, not as tenant of Robinson, but under a contract as purchaser." [Note by the judge: "My ruling was that it was not competent to prove what plaintiff recognized; but I distinctly stated to defendant's counsel that he might prove all that was said and done by plaintiff and defendant at the time defendant went into possession."]

(3.) Because the court rejected the deed of the executors of Payne to defendant.

The motion was overruled, and defendant excepted.

WIER BOYD; M. G. BOYD, for plaintiff in error.

R. H. BAKER; W. F. FINDLEY, for defendant.

BLANDFORD, Justice.

This was an action brought in the statutory form by Robinson to recover a certain lot of land from Anderson. The abstract of title endorsed on the declaration is as follows: Grant from the state to James G. Connor; deed from Connor to A. C. McGregor; a deed from McGregor to Thomas J. Payne; deed from Payne to W. H. Robinson, dated 24th May, 1871; bond for titles, dated 18th February, 1861; tender of purchase money tendered by said Robinson; deed from W. H. Robinson to James M. Robinson, plaintiff in the action, dated August 15th, 1877.

It is conceded that Thomas J. Payne was at one time the owner of this land, and the great question in the case is, did Payne convey the land by deed to W. H. Robinson? If he did, then the recovery was right; but if he did not, then the recovery was wrong, and a new trial should have been granted. The plaintiff did put in evidence a deed from Payne to W. H. Robinson.

The defendant put in evidence the bond for titles made by Payne to said Robinson, which bond was obtained at the trial from Robinson's attorney. If the deed was made by Payne, and filed in the clerk's office merely as a part of his remedy to collect the purchase money for this land, as stated in the bond for titles, then it was an escrow, and passed no title to Robinson until he paid the purchase money, as has already been decided by this court in 67 *Ga.*, 502, and the presumption that the deed was never delivered to Robinson, but was merely filed in the clerk's office, as is provided by the Code, to enable Payne to collect the purchase money for this land, is strengthened by the entry on the declaration, as part of plaintiff's abstract of title, " Bond for titles to W. H. Robinson, dated 18th January, 1861; tender of purchase money tendered by said Robinson."

Crockett vs. Cro·kett.

There was no evidence submitted by the plaintiff that Robinson ever paid or tendered the p̵̵̵̵̵ money for the land.

The defendant offered to prove that the plaintiff recognized this land as belonging to Payne when defendant went into possession of it, and defendant was to pay plaintiff one hundred dollars for it when he could procure Payne's title. This is an admission of plaintiff that Payne had the title, and an agreement that he would procure the title from Payne. Upon objection, the court refused to allow the testimony to go to the jury, and this constitutes the main ground in the motion for new trial.

The testimony was admissible as shedding some light on the main issue, as already stated. While it might not be conclusive, yet it tends to support the theory of this case, as entertained by the plaintiff in error. If the deed from Payne to W. H. Robinson was an escrow, it conveyed no title, unless defendant in error showed that the purchase money had been paid, or that there had been a tender of it. And while, under ordinary circumstances, we might not reverse this case and send it back on this ground, the record convinces us that there is great merit in behalf of the plaintiff in error. Another trial can do no harm, when the absent records may be accounted for, and the testimony of W. H. Robinson be had, to show whether he paid the purchase money for this land, and the will of Payne produced, and all the facts of the case brought out fully; whereas great injustice might be done, if we let this verdict stand. Besides, it must be observed that the plaintiff has failed to sustain his abstract of title by proofs.

Judgment reversed.