## COLEMAN *v.* MACLEAN & COMPANY.

1. A deed executed November 29, 1889, but not recorded till January 29, 1894, will be postponed to a deed from the same grantor to the same land, executed January 22, 1891, recorded February 3, 1891, and taken without notice of the former deed.

2. A deed by a sheriff to a plaintiff in execution, made in pursuance of a sale by the former, at which he bid off the property for the latter under general instructions to do so unless the property brought the amount due upon the execution, is a nullity and passes no title.
3. Where the holder of a security-deed to land, after obtaining a judgment upon the debt thereby secured, executed and had recorded a deed conveying the land to the debtor, for the sole purpose of having it levied upon and sold, and the sheriff thereupon made an abortive effort to sell as above indicated, the deed last mentioned should not be treated as having passed the title back to the debtor; for " it was a mere escrow, except for the purpose of levy and sale."
4. The real contest in an action for the recovery of land being which of two security-deeds executed by a common grantor should prevail, and that relied upon by the defendants being entitled to the preference, a verdict in their favor was right; but it should not be held to operate as an estoppel upon the plaintiff, so as to prevent his paying off the defendants' secured debt, and thus making his own security-deed effectual.

Submitted April 21, — Decided May 22, 1897.

Complaint for land.   Before Judge Callaway.   Emanuel superior court.   April term, 1896.

*Williams & Smith* and *Anderson, Felder & Davis*, for plaintiff.
*A. F. Daley*, for defendants.

LUMPKIN, P. J.   Prior to the 29th day of November, 1889, the title to the tract of land in dispute in the present case was in Isaac Woods.   On that day he conveyed it to Coleman for the purpose of securing a debt.   This deed was not recorded till January 29, 1894.   On January 22, 1891, Woods conveyed the same land to Malcolm Maclean & Co., to secure a debt due them, and his deed to them for this purpose was recorded February 3, 1891.   It does not appear that Malcolm Maclean & Co., when Woods conveyed the land to them, had any notice of his previous deed to Coleman.   They reduced their claim to judgment in 1892, and on the 15th day of February, 1895, executed and filed in the office of the clerk of the superior court a deed reconveying the land to Woods.   This deed was made for the purpose of levying upon and selling the land, and was recorded February 18, 1895.   On April 16 of that year the sheriff conveyed the land to Malcolm Maclean & Co., by a deed which recited that the land had been duly sold on the first Tuesday in that month under their execution against Woods, and that they had become the purchasers at

and for the price of $30.00.  Malcolm Maclean & Co. went into possession, and Coleman brought an action against them for the recovery of the land.  At the trial it appeared that the sheriff himself, at the sale above referred to as having been made by him, bid off the land for Malcolm Maclean & Co., under instructions from their attorney to do so, in case the land did not bring more than the amount of their fi. fa.  In this connection, the sheriff testified:  "It was done in this way:  I made a bid on the land for them [Malcolm Maclean & Co.]; some-one raised it; then I raised their bid, and so on, till I bid it in for them at $30 or $35."  The court directed a verdict for the defendants, and the plaintiff excepted.

1. Under the facts recited, this was simply a contest between the holders of security-deeds made by the same person and covering the same property.  It was proper to hold that Coleman's security-deed should be postponed to that of Malcolm Maclean & Co., because, though the former was older, it had not been duly recorded, and Malcolm Maclean & Co., so far as appears, took their deed in good faith and without notice of the deed to Coleman, and had their deed recorded nearly three years before he made any effort to record his.  This being so, Coleman could not defeat the priority thus obtained by them, by having his older deed put upon record.

2,3. Coleman's counsel rested his alleged right to recover upon the theory that Malcolm Maclean & Co.'s defense depended solely upon the validity of the sheriff's deed to them, and thereupon contended that the defense must fail for the reason that this deed was void because the sheriff had acted as agent for the defendants in bidding off the land for them at his own sale.  The theory just mentioned was based upon the further contention that the deed of reconveyance executed by Malcolm Maclean & Co. on February 15, 1895, passed the title from them back into Woods.  The plaintiff's counsel therefore claimed that, as a result, Malcolm Maclean & Co. were absolutely without title to the premises in dispute, and that consequently the plaintiff was entitled to a recovery under his deed from Woods.

The first of these contentions is undoubtedly sound.  A

sheriff can not purchase at his own sale, either for himself, or as the agent of another. Civil Code, § 4384 (Code of 1882, § 364). And see the thorough and exhaustive discussion of the subject by Judge Nisbet in *Harrison* v. *McHenry*, 9 *Ga.* 164. This learned judge intimated (p. 170) that it might be an open question whether or not a sheriff could act as the agent of a purchaser to make a definite bid, where no discretionary powers were conferred upon the officer; but be this as it may, the present record discloses that the sheriff was not authorized to make a single and definite bid in a given amount for Malcolm Maclean & Co. On the contrary, he had authority to bid off the land for them if it sold for less than the amount of their execution, and the result as shown by the record was that he bid off a tract of land worth $500 for about one fifteenth of its real value. We therefore agree with counsel for the plaintiff in error that this sale by the sheriff was void, and that his deed made in pursuance thereof was a mere nullity.

But Coleman's other contention is not sound. It did not result that the title passed absolutely back into Woods under the reconveyance to him by Malcolm Maclean & Co., simply because the sheriff made an abortive effort to effect the sale. Under such circumstances, the deed last referred to was, according to the decision of this court in *Dykes* v. *McVay*, 67 *Ga.* 502, "a mere escrow, except for the purpose of levy and sale." In the case just cited it appeared that a creditor executed and filed a reconveyance to his debtor for the purpose of levying on and selling land which the latter had conveyed to secure the debt in question, under section 1969 et seq. of the Code of 1882; and though in *Griggs* v. *Strippling*, 59 *Ga.* 500, this court held that the special remedy provided for by section 1970 of the Code of 1882 was not available to a person taking an absolute deed to land as security for a debt, where no bond for titles had been given to reconvey upon payment of the debt, the act of December 17, 1894 (Acts of 1894, pp. 100, 101), extended this remedy to cases where land has been conveyed as security for debt, whether a bond for reconveyance was given to the debtor or not.

The act last cited is now embodied in section 5432 of the

Civil Code, and as it makes no marginal reference to the act of December 18, 1893, bearing upon this subject (Acts of 1893, p. 117), it is evident that the codifiers thought it had been superseded by the act of 1894, a conclusion which seems to be correct. It is worthy of notice, however, that the head-line of the code section, viz., "*Levy, when contract of purchase or bond for title made,*" is not exhaustive of the matter with which the section deals, and is therefore to some extent misleading.

It follows from the foregoing that the principle laid down in *Dykes* v. *McVay*, supra, is applicable here; and consequently, the deed from Malcolm Maclean & Co. was properly regarded as "a mere escrow," and did not put the title back into Woods.

4. The court was right in directing a verdict for the defendants; but as they, relatively to the rights of Coleman, are entitled to hold the land merely as security for their debt, we are of the opinion that the judgment in their favor in the present case should not be held operative as an estoppel upon Coleman so as to prevent him from paying off, if he chooses to do so, the debt of Woods to Malcolm Maclean & Co., and thus make his security-deed effectual. We have therefore, in affirming the judgment below, given appropriate direction with regard to this matter.

*Judgment affirmed, with direction. All the Justices concurring.*