GILES *et al.*, executors, *v.* BANK OF SOUTHWESTERN GEORGIA.

1. While it is lawful for the sheriff to appoint a "crier," such crier can not be a purchaser at a sheriff's sale which he conducts.

2. In an action which is brought upon a promissory note, a plea setting up that a mortgage given to secure such note had been foreclosed pending the suit on the note, and that at the sale under the judgment of foreclosure, by collusion between the "crier" and the agent of the plaintiff in execution, the property had been bid off for such "crier" at a sum less than its market value on that day, and that it was then worth more than the entire amount due on the note, and seeking to set off the damages alleged to have been so sustained, was, in the absence of an allegation that the plaintiff was insolvent, properly stricken on demurrer.   In such a case the defendant in execution, would have a right of action against the "crier," and those in collusion with him, for such damages as he may have sustained in consequence of such unlawful combination, but such right of action, being in its nature ex delicto, can not, in the absence of insolvency or non-residence of the plaintiff, be made the subject-matter of a plea of set-off in an action founded on the note.

3. It follows from the foregoing, that there was no error in striking the special plea in bar filed by the defendant.   As the remaining paragraphs of the answer did not constitute any defense, they should have been also stricken; as they were allowed to remain of file, there was no error in directing a verdict for the plaintiff, instead of entering a judgment by the court.

Argued October 21, — Decided November 27, 1897.

Complaint on note.    Before Judge Littlejohn.    Sumter superior court.    May term, 1897.

L. J. Blalock, J. A. Ansley and J. A. Ansley Jr., for plaintiffs in error.

James Dodson & Son, contra.

ATKINSON, J.    The Bank of Southwestern Georgia sued Mary Giles, executrix, and Charles W. Bass, executor, of the estate of Ab. Parker, deceased, upon a promissory note of the testator, dated November 30, 1892, and due October 1, after date, for $457.90 principal, besides interest, payable to the order of

A. W. Parker, and indorsed by him. The defendants answered that for want of sufficient information they were unable to admit or deny the indebtedness alleged, and they asked for strict proof of the same. They pleaded also that the suit was prematurely brought. This plea was not insisted upon. Subsequently they filed an amended plea as follows: (1) "Since the filing of the original plea in said case, and since said case was disposed of at the last term of the court, lot of land No. 284, belonging to the estate of testator Absalom Parker, on which lot of land said plaintiff had a mortgage to secure the payment of the debt, the foundation of the above suit, which said mortgage had been foreclosed, and fi. fa. issued thereon had been levied upon said lot of land, the same advertised for sale for the first Tuesday in February, 1897, and on the sale day, to wit the first Tuesday in February, 1897, J. B. Parker, acting as auctioneer in lieu of the sheriff of said county in crying off said property, and the plaintiff in said case bid off said property, though its agent M. Speer, who had been, and was at the time, representing the said bank, about bringing to sale said property under said mortgage fi. fa., the said plaintiff through its agent bidding off and buying said property for the said J. B. Parker, the agent and auctioneer for the sheriff, at the sum and price of $275. (2) Defendants say that the said agent of the sheriff, J. B. Parker, in selling said property, and the said agent of the bank, M. Speer, in bidding off said property for the said J. B. Parker, acted in concert in the sale and purchase of said property, for the said Parker, agent as aforesaid for the sheriff, and, as defendants suppose and believe, by previous agreement; of this last statement of previous agreement they do not know definitely. (3) Defendants say that said property did not bring its value; that it is, and was at the time of said sale, worth $800, and the fact that the said Parker, being the buyer and seller, caused the said property to bring less than its value, that it only brought $275, and the fact that the said agent of the plaintiff co-operated with the said J. B. Parker, the sheriff's agent, in buying said property at the sheriff's sale, and bid it off to him, caused said property to bring less than its value. Defendants say that said agent of the bank, in rep-

resenting said bank in bringing the property to sale, and participating in the purchase of the property for the said agent of the sheriff, and thereby caused injury and damage to the defendants in the sum of the difference between the value of the property and the price that the said Parker was enabled to get the same bid off to him, to wit, the sum of $525. (4) Defendants say that said property, had it brought its value, was of sufficient value to have fully discharged the debt of plaintiff, and had it brought its value, said debt would have been discharged, and some $100 over; that this combination and co-operation between said plaintiff's agent and said agent of the sheriff, who was the purchaser at said sale, defendants believe was the cause of said property being sold for less than its value, as aforesaid; that it prevented a full and free bidding by bystanders, and defendants believe, but for such co-operation between plaintiff by its agent as aforesaid and the said agent of the sheriff, that said property would have brought more than enough to have discharged and paid off said debt, by the amount of $100. (5) At the time of the sale of lot of land No. 284, referred to in defendant's amended plea, there were parties present at the sale, ready and willing to bid off and pay for said land more than the same sold for, but on account of the collusion between plaintiff and the auctioneer they were deprived of the right to bid on said land, and the same sold for less than it would have brought but for said collusion, the same having been knocked off before they had an opportunity to bid. And defendants offer to recoup the difference between the true value of said land and what the same actually sold for. And defendants pray the judgment of the court thereon."

The plaintiff demurred to the amended plea, on the ground that it was not sufficient in law. The court sustained the demurrer and struck the plea, and to this the defendants excepted. The plaintiff introduced in evidence the note sued upon, and the court thereupon directed a verdict for the plaintiff, and to this also the defendants excepted.

1. It is unnecessary to cite authority for the proposition, that a sheriff who is conducting an execution sale may appoint some competent person as a "crier" to act for him in bringing about

the sale of the property levied upon, and it is equally well set-
tled that neither the sheriff, nor the auctioneer who under his
direction sells the property, can directly or indirectly become
the purchaser at such a sale. The crier can cry, but he can
not buy.

2. It will be seen that suit was brought upon a promissory
note; that a plea had been filed setting up that a mortgage
given to secure such note had been foreclosed pending the suit
on the note, and that at the sale, under the judgment of fore-
closure, a "crier" who had been appointed by the sheriff to
sell the property, and the agent of the plaintiff in execution,
entered into a collusive arrangement by which the property
had been bid off by the agent of the plaintiff for the "crier" at
a sum much less than its market value on that day. The de-
fendants sought to set off the damages alleged to have been
sustained by them, in consequence of the property selling for
less than its market value, against the suit by the plaintiff upon
a promissory note. This plea was stricken on demurrer, and
we think properly. The collusive arrangement entered into
between the "crier" and the agent of the plaintiff was a fraud
upon the defendant in execution, for which he would be en-
titled to maintain an action against them to recover damages;
but the fraud thus committed was a tort; the damages arose
ex delicto; and it is well settled by the provisions of our code
that, in an action arising ex contractu, damages arising ex de-
licto are not the proper matter of a set-off. The plea, therefore,
interposed by the defendants was not a valid defense to the suit
upon the note; and there being no allegation of the insolvency
of the plaintiff, the court did not err in striking it upon de-
murrer.

3. The special plea last referred to having been properly
stricken upon demurrer, and there still remaining a plea filed
under oath by the defendants which had not been stricken,
although it would have been proper to have stricken this plea
also, had a motion therefor been made, the trial judge did not
err in directing a verdict rather than in entering a judgment by
the court. *Judgment affirmed. All the Justices concurring.*