## EVANS *v.* PIEDMONT NATIONAL BUILDING AND LOAN ASSOCIATION.

**1.** If realty located in a town has been lawfully set apart as a statutory homestead upon the application of the owner's wife, and the same is subsequently sold under an execution against him to which the homestead property is not subject, it is not divested of its homestead character, and she, although she has given the levying officer the notice provided for in the Civil Code, § 2870, can not claim the proceeds of such illegal sale for the purpose of having the same invested in other realty for a homestead exemption.

**2.** Where the title to land so situated is conveyed by its owner to another for the purpose of securing a debt, and the grantee in the security deed, after reducing his debt to judgment with a special lien on the land, has an execution issued thereon, and then reconveys the title to the defendant in execution in order to have the land levied upon and sold to satisfy the judgment, the wife of the judgment debtor can not, by giving the levying officer the notice provided for in such section, have proceeds of the sale held up to be invested in other realty for a statutory homestead.

Argued October 12, — Decided November 3, 1903.

Money rule.    Before Judge Hodges.    City court of Macon. June 16, 1903.

*M. G. Bayne,* for plaintiff.

*R. L. Anderson* and *J. L. Anderson,* for defendant.

FISH, P. J.    The Piedmont National Building and Loan Association, holding a debt against A. A. Evans, secured by a deed to a house and lot in the city of Macon, obtained a judgment against him thereon, which was made a special lien on the property described in the deed.    An execution issued upon this judgment, which the building and loan association, after executing, filing and recording a deed reconveying the title to Evans, had levied upon the property.    Mrs. Rosa Lee Evans, the wife of the defendant in execution, filed a claim to the property, in behalf of herself and

her minor daughter, Eloise Evans, basing the claim upon an alleged statutory homestead exemption which she had obtained in this property in 1892, prior to the date of the security deed made by her husband, A. A. Evans, to the building and loan association. Subsequently the building and loan association dismissed the levy upon the land, and brought a petition in equity against A. A. Evans, as the head of a family, to have the homestead exemption declared to be invalid and void, and upon the trial of the case such a decree was rendered, and, upon appeal to this court, the same was affirmed. *Evans* v. *Piedmont Building & Loan Association*, 117 *Ga.* 940. In the trial of that case the jury had found the value of the house and lot to be $519. After the judgment of this court had been made the judgment of the trial court, the building and loan association caused its execution to be again levied upon the land, and the same was sold thereunder, by Herrington, the deputy sheriff who made the levy, to the plaintiff in execution for the sum of $500. Previously to the sale, Mrs. Evans served Herrington with a notice, under the Civil Code, § 2870, to hold up $500 of the proceeds of the sale, in order that the same might be invested, under order of the court, in real estate for a homestead exemption. After the sale she brought a rule against him, as deputy sheriff, to compel him to turn over to the ordinary of the county the $500 realized at the sale, to be reinvested in another house and lot for a homestead. The deputy sheriff answered the rule nisi, and upon the trial of the case, the above facts appearing, the court refused to grant the rule absolute prayed for; whereupon Mrs. Evans excepted.

1. One question made in the case is whether or not Mrs. Evans is bound by the decree rendered in the case of the building and loan association against her husband, A. A. Evans, as head of a family, declaring the alleged homestead exemption of 1892 to be void. She contends that she was not a party to that case, and therefore is not bound by the decree rendered therein, and has the right to rely upon the validity of that homestead proceeding. Even if we were to admit the contention that she is not bound by that decree, nothing which has been presented during the argument, or which we have discovered in our investigation of the present case, has changed our views as to the soundness of the decision which this court rendered when that decree was affirmed.

But, aside from this, it matters not whether Mrs. Evans is or is not bound by the decree declaring the so-called homestead exemption of 1892 to be void; for, so far as the decision of this case is concerned, it does not make any difference whether that homestead exemption is void or valid. If Mrs. Evans is bound by the decree declaring it void, then clearly she could not claim the money realized at the sheriff's sale as the proceeds of a homestead. That she is bound, see *Barfield* v. *Jefferson*, 84 *Ga.* 611; *McDuffie* v. *Irvine*, 91 *Ga.* 748; *Wegman Piano Co.* v. *Irvine*, 107 *Ga.* 65; *Willingham* v. *Slade*, 112 *Ga.* 418. But even if it be admitted that she is not bound by that decree, and the exemption of 1892 is, as she claims, a valid one, then the deputy sheriff had no lawful power to levy upon and sell the homestead property, under the execution in favor of the building and loan association, the debt upon which the judgment was founded not being one to which the homestead was subject, and the sale of the property did not divest it of its homestead character. If the homestead was valid, Mrs. Evans could not lawfully claim the proceeds of an illegal sale of the homestead property. She had no right, at her mere election, to abandon a homestead which was held for herself and her minor child in this particular property, and take the proceeds of an illegal sale of such property in lieu thereof. If she had a valid homestead in the property sold, she still has it, notwithstanding the sale, and it is no concern of hers what becomes of the money which the deputy sheriff received from such sale. She is not entitled to both the specific property and the money, and we know of no law which authorizes her to elect between the two. Even if realty covered by a statutory homestead can be sold for the purpose of reinvesting the proceeds to like uses, it is very evident that an illegal sale of such property under execution can not be utilized for such purpose. If the homestead was valid, the deputy sheriff was guilty of a trespass in levying upon it, and the beneficiaries thereof could have obtained an injunction to prevent him from putting the purchaser in possession and could have had the sheriff's deed set aside. *Pinkerton* v. *Tumlin*, 22 *Ga.* 165.

2. Another question involved in the case is, whether, if the homestead exemption of 1892 was invalid, Mrs. Evans could, by giving the notice provided for in the Civil Code, § 2870, have five hundred dollars of the proceeds of the sheriff's sale exempted, in

order that the same might be, under order of the court, invested in other real estate as a homestead. It is very clear that she could not; for the title to the property levied upon and sold had been conveyed by A. A. Evans, its owner, to the building and loan association as security for a debt, and had been reconveyed to him by the association simply for the purpose of having it levied upon and sold to satisfy such debt, which had been reduced to judgment. The deed of reconveyance did not pass the title back to Evans, except for the purpose of levy and sale; otherwise it was a mere escrow. *Dykes* v. *McVay*, 67 *Ga.* 502; *Anderson* v. *Robinson*, 73 *Ga.* 644; *Coleman* v. *McLean*, 101 *Ga.* 303. The title to the land levied upon, except for the purpose above indicated, being in the building and loan association at the time this proceeding to set apart a homestead was instituted by Mrs. Evans, she had no right to take a homestead in the proceeds of the sale of such land.

<em>Judgment affirmed. All the Justices concur.</em>