47994. ASSOCIATES FINANCIAL SERVICES COMPANY, INC. v. JOHNSON et al.

SUBMITTED MARCH 7, 1973 — DECIDED APRIL 3, 1973.

*Michael J. Gannam,* for appellant.

*Taylor, Bishop & Lee, Thomas J. Lee, A. Blenn Taylor, Jr.,* for appellees.

EBERHARDT, Presiding Judge. It has long been the rule in this state that a sheriff can not purchase at his own sale, either for himself or for another. Such a purchase is void. *Harrison v. McHenry,* 9 Ga. 164 (1); *Coleman v. Maclean,* 101 Ga. 303 (2) (28 SE 861). "It may be stated generally that sheriffs, auctioneers, and others who are legally authorized to make sales at public outcry represent the sellers of the property, and, in consequence of such representation, can not become purchasers at the sale so made." *James v. Kelley,* 107 Ga. 446, 449 (33 SE 425, 73 ASR 135). If he submits bids for another at the sale it is obvious that he assumes the role of a dual agent, representing both the seller and the buyer, contrary to

the general law of agency. Code § 4-204. The rule extends to his deputies and other surrogates. "No sheriff or deputy, or other officer discharging a similar duty, will be permitted to purchase any property whatever at his own sale, upon his own bid, nor upon the bid of any other person for him, directly or indirectly; and all such sales and deeds in pursuance thereto, intended to vest in such officer the title to the property so purchased, shall be null and void." Code § 24-2821.

The rule applies to receivers, who, like sheriffs and their deputies, make sales under the authority of some order or judgment of the court. "A receiver can not lawfully buy property sold by him as receiver, nor can he make a valid sale to his wife, or to a corporation in which he is a stockholder and director. Sales of this character are contrary to public policy and are voidable at the election of anyone having a beneficial interest in the property so sold and purchased." *South Georgia Bldg. &c. Co. v. Mathews,* 7 Ga. App. 452 (67 SE 127). See to same effect *Carr v. Houser,* 46 Ga. 477. And this is true whether the sale price represented the fair value of the property sold or not. *McCullough-Export Lbr. & Whse. Co. v. Nat. Bank of Brunswick,* 111 Ga. 132 (3) (36 SE 465). When a deputy sheriff conducts the sale he does so under the authority extended to the sheriff, and another deputy can no more purchase at the sale than could a receiver's wife. The sheriff may appoint a "crier" to conduct the sale for him, but he, too, comes under the rule and can not purchase at the sale. *Giles v. Bank of Southwestern Ga.,* 102 Ga. 702 (1) (29 SE 600).

"It is the accepted rule that a deputy sheriff may not purchase at a sale from the office to which he is attached as deputy, even though no actual fraud enters into the transaction." 30 AmJur2d 655, Execution, § 356. "Where a sheriff is designated to conduct a judicial sale, the accepted rule applicable to execution sales that a deputy sheriff may not purchase at a sale from the office to which

he is attached as deputy, even though no actual fraud enters into the transaction, would appear to apply to a judicial sale." 47 AmJur2d 469, Judicial Sales, § 210.

Nor can a "sham" sale to a third party be upheld, it appearing that in fact the third party bid off the property and bought it for the sheriff or his deputy. What the sheriff or his deputy may not do directly they can not indirectly do, for "indirection thereby grows direct."[1]

We hold, therefore, that it is improper for a deputy sheriff to bid upon property at a sale conducted by the office to which he is attached as deputy, and that a purchase by him at such a sale, either directly or through a sham transaction, is void. In the instant case it is undisputed that Deputy Sheriff Beckham bid in the property at the sale and took immediate possession of it from the sheriff's office. The sale was void and the trial court erred in confirming it.

*Judgment reversed. Pannell and Stolz, JJ., concur.*

---

[1]Shakespeare, King John, Act III, Sc. 1.