Smith, governor, for use, *vs*. Banks *et al*.

1. Where the sheriff and sureties on his bond defend his refusal to levy on the ground that defendant in *fi. fa.* had taken homestead in the land, the onus is upon him to show that said homestead has been legally set apart and allowed by the proper court

2. Though it was held from 1868 to 1873 by the courts of this state, including the supreme court, that the homestead was good against a judgment rendered prior to the date of the constitution of 1868, yet such was not the law, the judgment of this court thereon having been reversed by the supreme court of the United States; and a sheriff and his sureties would not be protected by the homestead, even if lawfully and properly allowed, from levying thereon when directed to do so, though at the time such was held to be the law in all the courts of this state.

Jackson, Judge, dissented from the last paragraph of this second headnote.

3. If the sheriff and plaintiff in execution, after the order to levy, consulted counsel and were advised not to do so, but to proceed on another *fi. fa.* already levied, and the sheriff understood that the order was withdrawn, he and his sureties are relieved; and whether this be so or not, under the proof in this case, was, and will be, a ques-

tion for the jury; but as, in the judgment of this court, the superior court erred in relation to the first and second head-notes, and such error may have controlled the verdict, a new trial must be granted.

Constitutional law. Sheriffs. Homestead. Levy and sale. Principal and surety. Before Judge HALL. Newton Superior Court. March Term, 1878.

Reported in the opinion.

E. F. EDWARDS; CAPERS & DICKSON, for plaintiff in error, cited as follows: (homestead no protection) 49 *Ga.*, 51; 43 *Ib.*, 377; 48 *Ib.*, 593; 55 *Ib.*, 87; Code, §§2028, 3583, 3949; 7 *Ga.*, 445; 51 *Ib.*, 314; 44 *Ib.*, 351; (refusal to charge) Code, §3715; 44 *Ga.*, 638; 45 *Ib.*, 133; (evidence) Code, §§3714, 3774; 53 *Ga.*, 114; 19 *Ib.*, 167; 17 *Ib.*, 303; (conduct of case) 31 *Ga.*, 626; 53 *Ib.*, 162.

CLARK & PACE, for defendants, cited (on homestead) 44 *Ga.*, 417; (on evidence) Code, §3786, par. 2.

JACKSON, Judge.

This suit was brought on the bond of the sheriff against him and his sureties, on the allegation that his deputy was ordered to levy on the land of defendant in *fi. fa.*, and refused to do so. This direction to levy was given, or alleged to have been given, in 1871, and the defendant and sureties defended on two grounds—first, that the land was set apart as a homestead; and secondly, that the direction or order to levy was not given, or, if given, was withdrawn. The question is, mainly, was the sheriff protected from failure and refusal to levy, when ordered by the plaintiff, on the plea that there was a homestead on the land pointed out. The court below held that he was, though the judgment was older than the constitution of 1868, inasmuch as the courts of this state held, in 1871, when he was ordered to levy, the homestead binding and good against all claims and liens, old and young.

1. In this case the sheriff did not prove, so far as. the record shows, that there was a homestead lawfully set apart in these lands in the defendant in *fi. f·ι.*, and therefore we all think that the court erred in so charging that he was protected, there being no legal evidence of the homestead to authorize the charge.

2. But even if the proof had been satisfactory that there was a homestead so set apart in the defendant in *fi. fa.*, this court is of the opinion that it would have been no protection to the sheriff not to levy, because the homestead law and constitution of 1868 of Georgia conflicted with the constitution of the United States, and were void as to debts older than the constitution of 1868. There can be no doubt that such is the law; for the supreme court of the United States has so decided, and, on questions arising under the federal constitution, their adjudications are supreme. But the question here is, whether a sheriff, who was prohibited in so many plain words, not only by the statute, but by the constitution of his state, from making a levy on land so set apart, was bound to be wiser on constitutional law than the judge of the superior court who presided over him at the time, than all the other judges of the superior courts of the state, and than a majority of the supreme court of his state? My brethren think that he judged at his peril, there being no judgment to which he was a party; that the order to levy was equivalent to a bond of indemnity, and that if he wished any other bond of indemnity it was for him to ask for it, and that as the true law, though he and his judge neither knew it at the time, was that the homestead was no protection to the defendant against this old *fi. fa.*, he and his sureties are liable. Perhaps and probably they are right; but the thing seems to me to be so unjust—it is so abhorrent to what I conceive to be the spirit and reason of all law, to hold an ignorant sheriff responsible, and to make his sureties liable, because he followed the constitution of his state— the law made thereon—and the judgments of all the state courts thereupon, and could not foresee the judgment of

the supreme court of the United States reversing it all on a deep constitutional question whereon able lawyers and judges differed—that I respectfully dissent.   I think that the mandate of the constitution not to levy is higher to the sheriff than the mandate of the court to levy; that a plain statute with plain words directing him not to levy should, in reason and good sense, be a protection to him, until some tribunal wiser than himself, and with more learning than he can pretend to, tells him authoritatively that this constitution and this statute are unconstitutional and not law.   In other words, I think that when a ministerial officer can shield himself behind a plainly written act of the legislature, that shield ought to protect him and his sureties until it is removed by the only power which can remove it, to-wit: the court that has the power to pronounce it unconstitutional.   And whether the sheriff be sued for the money by rule, or by action on the case, or action on his bond, the shield of the plain behest of his state legislature ought to protect him, and ought *a fortiori* to protect his sureties.

3. It was in dispute whether the order to levy was not withdrawn, or whether it was given at all.   If it was not given or was withdrawn, we all think that the sheriff is protected; but as the charge of the court on the homestead question may have misled the jury, and as this court adjudges that charge erroneous, we must award a new trial. On this issue of fact it is for the jury to credit whom they please, and to decide the point between the parties as they see fit, the evidence being conflicting; but as they may not have passed upon this issue, we reverse the judgment which overruled the motion for a new trial.

Judgment reversed.