SMITH *et al. vs.* SHEPHEARD.

[Warner, Chief Justice, being engaged as presiding officer of the senate in an impeachment trial, did not sit in this case.]

1. The waiver of right to homestead on a mortgage of a tract of land is a sufficient specification of the property on which it is to operate, and is not a general waiver so as to be inoperative under the principle ruled in 59 *Ga.*, 837, so far as the property mortgaged is concerned.

2. The fact that application had been made, but was still pending, the homestead not having been granted and set apart, will not affect the right to waive it, though such application may have been known to the mortgagees. No right adverse to the power of the head of the family over his own property, is vested in the family until the homestead is set apart.

Waiver. Homestead. Mortgage. Before Judge CRAW-
FORD. Taylor Superior Court. April Term, 1879.

Smith and wife brought complaint for land against Shep-
heard. The case was tried on an agreed statement of facts, substantially as follows:

On the 6th day of December, 1875, William Smith, one of the plaintiffs, made application for a homestead, alleging that he was the head of a family consisting of himself and wife, Sarah. It was not acted upon until the 31st August, 1877. On that day the court approved the application and the plat as returned by the surveyor setting apart a homestead, which included the land for which this suit was instituted. Pending said application, to-wit: on the 13th day of April, 1877, Smith executed to one Holsy and one Corson each a note for $100.00, and gave a mortgage on the land to secure the payment of the same. On said mortgage a waiver of all right of homestead as against the notes and mortgage, or so as to debar or hinder the sale of any property under any judgment, execution or decree for the enforcement and collection thereof, was indorsed. Said notes and mortgage were transferred to one Owin Bonfield. Bonfield sued the notes to judgment in a justice court, and

after the issuing of *fi. fas.*, they were levied on the land in controversy. On the first Tuesday in October, 1877, the land was sold by the sheriff, and was purchased by one Waters, who knew of the application for homestead and that the land had been set apart on the 31st August, 1877, several months before the sale.

The court charged to the effect that the pendency of the application for homestead did not take from Smith the right to waive the same; that the wife acquired no interest until the property was set apart.

The jury found for defendant, and plaintiffs excepted.

O. M. COLBERT; B. B. HINTON & SON, by C. J. THORNTON, for plaintiffs in error.

W. S. WALLACE, for defendant.

JACKSON, Justice.

1. The case of *Simmons vs. Anderson,* 56 *Ga.,* 53, covers this. While there may be general words in the waiver, yet they are specially applied to the property mortgaged and the right to take homestead in that is particularly and specially waived. Therefore the case in 59 *Ga* , 837, does not affect this case. That is the case of a general waiver on a note, particularizing no property whatever; this points out the property in the mortgage.

2. It is immaterial that the *application* was made before the waiver. The homestead was not allowed and set apart until the party applying had obligated himself not to take a homestead on this property. No right had vested in his family, and *he* was bound to stop and not proceed with his application by waiving his right thereto. Perhaps the more strongly bound, because he had already applied. He was less likely to get credit without the waiver,

Judgment affirmed.