FLEMISTER *vs.* PHILLIPS.    WEDINGTON *vs.* FLORENCE.

Under the constitution of 1877 and the act of 1878, a written waiver of exemption and homestead is good *inter se* without having the same alleged in the declaration or summons, judgment or execution, and is, after judgment, provable, *aliunde,* whether the lien of the judgment be general or special, and whether the waiver be written on the contract or obligation, or on a separate paper.

Homesteal.    Waiver.    Judgment.    Before    Judge LESTER.    Cherokee Superior Court.    February Term, 1880.

Reported in the decision.

F. A. IRWIN; JNO. O. GARTRELL, for plaintiffs in error.

J. E. MOZELY, by brief; J. J. NORTHCUTT, for defendants.

HAWKINS, Justice.

This cause, with the one of George Wedington *vs.* Scott Florence were, by consent of counsel, argued together, and the decision of the court in this case will dispose of the other.

Exceptions are filed to the decision of the court below overruling the *certiorari.*

It appears that since the date of the constitution of 1877, the plaintiff in error made the contract sued on, with a waiver in writing of all benefit of the homestead and exemption laws of the state of Georgia, and suit was brought and a general judgment rendered against the defendant, whereupon a *fi. fa.* was issued and levied on the property, to-wit: a mule, cow, calf and other property. After the levy, Flemister applied for exemption under §2060 of the Code, of the property levied on, which was granted, and then interposed his claim to the

property, on the ground that the same was protected from the lien of the judgment. Upon the trial of the claim, plaintiff introduced his *fi. fa.* and proved defendant in possession of the property, and closed, when claimant submitted the exemption proceedings, which were regular.

The plaintiff then tendered in evidence the note upon which the judgment and *fi. fa.* were predicated, for the purpose of showing that in said note George Flemister waived and renounced in writing his exemption under the laws of Georgia as against the contract sued on, and also to show that said waiver was executed since the constitution of 1877 and the act of 1878 allowing general and specific waivers of exemptions, and also to show the note and judgment were before said exemption was applied for. To the introduction of which evidence Flemister objected, upon the ground that the waiver should have been sued on and appeared in the judgment and *fi. fa.* The court overruled the objection, admitted the evidence, and the property was found subject to the *fi. fa.* The case therefore presents the solitary question, whether, when A makes a contract since the constitution of 1877 and the act of the general assembly of 1878, and in writing waives and renounces his right of exemption, the plaintiff must, in a suit upon the contract set out the waiver and have the same appear in the judgment and execution. The suit upon the contract could at common law only properly end by verdict for the amount of principal, interest and costs, and the question of waiver could not arise on that issue—it could only arise when the plaintiff in *fi. fa.* sought to enforce the general lien created by the judgment against the homestead or exempted property, and the note was proper evidence, uncontradicted, to prove the waiver as between the parties. We think it unnecessary to incorporate the waiver in the pleadings, and that the court committed no error in so holding.

Let the judgment of the court below be affirmed.