PERDUE v. FRALEY, executor.

1. An entry upon an execution issued April 26th, 1884, being dated "Dec. 22, '88," it is sufficiently certain that the date of the entry was December 22d, 1888.
2. Where the vendor of land takes promissory notes from the vendee for its purchase, giving to the latter a bond for titles, sues the notes to judgment and then makes and files a deed to the vendee for the purpose of effecting a sale of the land for the purchase money under an execution issued from the judgment, the sale cannot be defeated by the vendee's having the land set apart as a homestead; nor is it necessary for the plaintiff to file an affidavit under the provisions of section 2028 of the code, in order to have the execution proceed.

January 27, 1894.

Levy and claim. Before Judge McWHORTER. Hancock superior court. February term, 1893.

J. T. JORDAN, for plaintiff in error.

R. H. LEWIS, contra.

SIMMONS, Justice.

It appears from the record that in 1872 Perdue purchased certain lands from Fraley, giving his promissory notes therefor, and taking a bond for titles from the vendor, and that in 1884 the notes were reduced to judgment by Fraley's executor. Several entries were made upon the execution, among them one which reads as follows:. " Paid on the within *fi. fa.* Dec. 22, '88, $30. J. T. Pinxton, sheriff." In January, 1891, the plaintiff in execution made and filed in the clerk's office a deed to the defendant, reciting the making of the notes and the bond for titles, that the notes had been reduced to judgment, and that the·deed was made to perfect a sale of property held under the bond for titles. In June thereafter the execution was levied upon the land, and the defendant in execution filed a claim, wherein he set up that he had caused this land to. be set apart as a homestead for the benefit of himself and family. It ap-

pears that the application for homestead was made to the ordinary before the deed was filed in the clerk's office, and was approved by the ordinary a few days after the deed was filed. The claimant admitted that the land claimed as a homestead was a part of that covered by the bond for titles and the deed. The jury found the land subject, and the claimant excepted.

1. When the execution was tendered in evidence at the trial, the claimant objected to it on the ground that it was dormant, the only entry upon it made by an officer duly authorized to execute the same being that dated "Dec. 22, '88," which statement of the date, it was contended, was "not specific and intelligible enough to keep the *fi. fa.* in life." The court was right in overruling this objection. A court may without proof determine the meaning of abbreviations of this kind. The abbreviation of dates in this manner is so common that no intelligent person could read this entry without understanding that "Dec. 22, '88," was intended for December 22d, 1888.

2. The execution, as we have seen, being founded upon a debt for the purchase money of the land levied upon, and the making of a deed, under the bond for titles, being conditioned upon the payment of the purchase money, the court was right in rejecting evidence that the land was set apart as a homestead to the claimant. While the homestead may have been good as between the claimant and third persons, it was, in our opinion, void so far as the vendor of the land was concerned. The claimant not having paid the purchase money and having no title when he applied for the homestead, any homestead set apart to him in this land was not binding upon the original vendor. No person can take a homestead in property as against the vendor, where the purchase money has not been paid. (Constitution, art. 9, sec. 1, Code, §5210.; §2002.)

(a) In his bill of exceptions the claimant contends that the levy was void and could not proceed until the plaintiff had filed his affidavit that his debt falls within some one of the classes for which the homestead is bound under the constitution, as prescribed in the code, §2028. Under the facts disclosed by the record we think no such affidavit was necessary. The deed filed under section 3654 of the code, as the basis of the levy, showed upon its face that the debt for which the execution was proceeding was for the purchase money of the land levied upon, and the same thing was conceded by the claimant at the trial. See *McDaniel* v. *Westberry*, 74 *Ga.* 380.     *Judgment affirmed.*