## DAVIS, trustee, v. TAYLOR.

1. Where the verdict in a proceeding to foreclose and enforce an attorney's lien, in terms, declared that certain described realty was subject thereto, and the judgment entered upon this verdict and an execution issued in pursuance of the judgment specifically directed the sale of this realty for the purpose of satisfying the amount adjudged to be due upon the lien, it was not, if such realty, notwithstanding the fact that it had been set apart as a homestead, was lawfully subject to the judgment, essential to the validity of a levy thereon that the affidavit prescribed by section 2850 of the Civil Code should first be placed in the hands of the levying officer.

2. If pending an application to have certain land set apart as a homestead the title thereto was in litigation between the applicant and a third person, and the former gave to his attorneys in that litigation, for their fee therein, his promissory note containing a waiver of " all homestead and exemption rights . . as against said note or any renewal thereof," and if such note was given to these attorneys because they, knowing of the pending application for a homestead, "wanted a showing for their fee with homestead waived," and if they obtained as a result of this litigation a judgment fixing in their client the title to the land embraced in the homestead subsequently set apart, this land was, by virtue of this waiver and in view of the facts recited, subject to a judgment rendered in favor of these attorneys upon a proceeding instituted by them to enforce their lien upon the land for this identical fee, though in the foreclosure proceedings no reference was made to the promissory note, or to the fact that the land had been set apart.

3. This case, upon the facts thereof, concerning which there is no dispute, is controlled by the propositions of law above announced; and the trial court did not err in refusing to grant a new trial.

Argued December 8, 1897. — Decided January 22, 1898.

Complaint for land.    Before Judge Lumpkin.    Fulton superior court.    March term, 1897.

On June 5, 1896, Henry Davis, as trustee for his family, consisting of his wife Sylvia, and his minor daughter Hattie, sued for certain land set apart to the plaintiff as a homestead for his family.    The defendant, Mrs. Taylor, pleaded that she held title under a sale and deed by the sheriff by virtue of a fi. fa. issued upon the foreclosure of a lien for attorney's fees in favor of Jackson & King against Henry Davis, Sylvia Davis, and Joel Robert Davis, the sheriff's deed being made to Alice J. White, by whom the land was conveyed to one Ware, who in turn conveyed it to defendant; that the lien, judgment and

execution were on account of a debt preceding in date the setting apart of the homestead, and for which the homestead was liable on the grounds that the debt was for labor done on the homestead, and was in the nature of purchase-money therefor; that the verdict and judgment in the foreclosure suit completely adjudicated the rights of the plaintiff and the alleged beneficiaries; that the homestead was not taken out for the benefit of Hattie Davis, but for the benefit of Henry Davis, Sylvia Davis and Joel R. Davis, all of whom were parties to and are estopped by the judgment in the foreclosure suit; that the alleged homestead is a nullity, because, since the application for homestead, the title has never been in Henry Davis, but was first in D. P. Morris and next in Sylvia and Joel R. Davis, to whom Morris conveyed it, and against whom, as well as against Henry Davis, the judgment of foreclosure was binding, and whose title became vested in Alice J. White by the sheriff's sale; and that Henry Davis executed to Jackson & King, prior to the granting of the homestead, a promissory note for the amount of their fee, in which note he waived for himself and his family all homestead and exemption rights; and the land sued for having been sold by virtue of an execution based on an attorney's lien of Jackson & King for the debt evidenced by the note, the waiver prevents any recovery of the homestead. The court directed a verdict for the defendant, and overruled a motion for a new trial.

On August 14, 1882, Henry Davis, as head of a family consisting of his wife Sylvia, and their child Joel Robert, then 15 years of age, applied for a homestead in the property in dispute, and on September 22, 1882, the application was granted. Jackson & King as attorneys represented the applicant in obtaining the homestead. The proceedings were in regular form, and were duly recorded. Joel Robert Davis is dead; the family now consists of plaintiff, his wife, and Hattie, now 15 years of age, whom he adopted (though not in legal form) about four years after the homestead was taken out, and who has ever since lived with him as a member of his family, depending entirely on him for her support and being entirely under his control. The defendants introduced a deed from the

sheriff of Fulton county to Alice J. White, conveying the land in question, dated January 6, 1891, and reciting that it was made by virtue of an execution issued from the superior court of that county in the suit of Jackson & King against Henry Davis, Sylvia Davis and Joel R. Davis ; also, a deed from Alice J. White, dated February 13, 1891, conveying the same property to George Ware, and one of a subsequent date, from Ware, conveying the property to defendant.    Also, a deed from Henry Davis and Sylvia Davis, dated October 24, 1877, conveying the land in dispute to D. P. Morris, and a deed from D. P. Morris, dated February 6, 1884, conveying the same property to Sylvia Davis and Joel R. Davis.    Also, an execution issued from the superior court of Fulton county, June 14, 1890, directing that of the goods and chattels, lands and tenements of Henry Davis, Sylvia Davis, and Joel R. Davis, consisting of a certain tract of land (describing the land sued for) they cause to be made the sum of $100 principal, besides interest, recovered in said court March 22, 1890, by Jackson & King against Henry Davis, Sylvia Davis, and Joel R. Davis. On the execution was a levy on the land as the property of the defendants, made by the sheriff June 26, 1890, and an entry by the sheriff that the property levied on had been sold, January 6, 1891, to Mrs. Alice J. White, for $275.    From the record of the proceeding under which this execution issued it appeared that on October 3, 1884, Jackson & King filed their petition to the superior court against Henry Davis, Sylvia Davis, and Joel R. Davis, for the foreclosure of an attorney's lien upon the property in question, for $100, besides interest thereon, and on the same day a rule nisi was granted by the court, reciting the material portions of the petition, and directing Henry Davis to pay into court, by the first day of the next term, the principal, interest and costs due on said claim, or show cause to the contrary.    The rule also ordered Joel R. Davis and Sylvia Davis to show cause why the claim of lien should not be foreclosed against any interest which they might have in the land, and that on failure of said parties to pay or show cause, the equity of redemption in the premises be barred and the lien foreclosed.    To the petition for fore-

closure, the defendants filed a defense, in which they admitted the employment of Jackson & King as attorneys, but set up a different agreement as to fees from that alleged in the petition, and averred that the debt was paid. On the trial of that case the jury rendered a verdict in favor of the plaintiffs for $100 principal, besides interest, and that the property was subject to the attorney's lien; and thereupon judgment was duly entered up against the defendants for these sums, to be levied and realized upon the property in question (describing it). The judgment directed that the attorney's lien be set up and established against the defendants upon and against the said real estate, and that execution issue accordingly. The defendants made a motion for a new trial, which was overruled, and they took the case to the Supreme Court, where the judgment of the trial court was affirmed; after which the superior court directed that the execution issue and proceed on the judgment theretofore rendered. The pleadings, etc., so far as material, are set out in 86 *Ga.* 138. Also put in evidence was the lien which was the subject of the foreclosure suit; also a note signed by Henry Davis, dated September 22, 1882, and due ninety days after date, for $100, with interest from maturity at eight per cent. per annum, and ten per cent. attorney's fees, and containing a stipulation in which the maker renounced for himself and family any and all homestead and exemption rights. According to the testimony in the case of *Jackson & King* v. *Davis* et al., this note was taken by Jackson & King because they "wanted a showing for their fee with homestead waived," Davis having applied for a homestead. The note, when paid and not before, was to be in full for all services past and yet be rendered in the case referred to in the lien above mentioned.

The motion for a new trial was upon the grounds, that the verdict was contrary to law and the evidence; and that the court erred: In admitting in evidence the deed from the sheriff to Alice J. White, over objection that it was necessary, in order to show that the sale was legal, to prove affirmatively that the plaintiffs in execution, their agent or attorney, had filed with the sheriff an affidavit in accordance with section 2028 of the Code of 1882. In holding that the sheriff's sale was legal not-

withstanding the lack of such affidavit. In admitting the record of the proceeding of Jackson & King against Henry Davis, Sylvia Davis, and Joel R. Davis, to foreclose an attorney's lien on the property in dispute, over objection that the same was irrelevant and not in due form, that there was no authority in law, nor was it good practice, for a rule nisi to issue for the foreclosure of an attorney's lien, and that the lien sought to be foreclosed was inferior to the homestead, and the proceedings did not on their face seek to subject the homestead property as such. In admitting the lien of Jackson & King for attorney's fees, over objection that it was irrelevant, and that the homestead was superior thereto.

In allowing defendants to file an amendment setting up that before the homestead was granted, Henry Davis had executed to Jackson & King his note for $100, for the fee for which they filed the lien, the note containing waiver of homestead; the ground of objection being that the amendment set up no legal defense to the action, the judgment under which the property was alleged to have been sold not having been founded on the note, but on the foreclosure of the lien. In admitting the $100 note referred to in the amendment, over objection that it was irrelevant, the judgment under which the sale of the property was had being based on the foreclosure of the attorney's lien, and not on the note, and that Jackson & King having elected to proceed on their attorney's lien instead of on the note, and having obtained a judgment on the lien, none of the waivers contained in the note could inure to the benefit of the judgment, or could in any way attach thereto; and besides, that the note showed on its face that it was barred by the statute of limitations. In directing a verdict for defendant; and in holding that the lien for attorney's fees was superior to the homestead; plaintiff contending that the lien and the judgment foreclosing the same were not for any favored debt to which the homestead was subject, as enumerated in section 2 of article 9 of the constitution.

*Alexander & Lambdin,* for plaintiff.

*E. M. & G. F. Mitchell* and *King & Anderson,* for defendant.

LITTLE, J.   1. The execution, under which the property now in controversy and which had been set apart as a homestead was sold, was issued from a judgment rendered in a proceeding to foreclose an attorney's lien upon such property.  It appears that upon the trial of the proceeding to foreclose said lien, the jury rendered a verdict in favor of the plaintiffs for a given amount, and also found that the property now in controversy was subject to the lien claimed; and that thereupon judgment was duly entered up for said sums, to be levied and realized upon the property in question, describing it, and that the attorney's lien for said amount be set up and established against said real estate, and ordering that execution issue accordingly.   In pursuance of this verdict and judgment, execution was issued, directing the sheriffs, etc., that of the goods and chattels, lands and tenements of (the defendants) consisting of a certain tract of land (describing the land upon which the lien was established), they cause to be made, etc.   This execution was levied on the land described therein, and the land was duly sold under and by virtue of such levy to Mrs. Alice J. White.   Upon the trial of the present action, the plaintiff objected to the admission in evidence of the deed from the sheriff to Alice J. White to the land in dispute, on the ground that it having been shown that the property in question had been, before the date of the judgment, set apart as homestead property, it was necessary, in order to show that the sale was legal, to prove affirmatively that the plaintiffs in execution, their agent or attorney, had filed with the sheriff an affidavit in accordance with section 2850 of the Code of 1895, etc.; and error is now assigned upon the overruling of such objection and the admission of such deed.

The section referred to, so far as material here to be quoted, provides that where a homestead exists and the plaintiff in execution is seeking to proceed with his execution, and there is no property except the homestead on which to levy, upon the ground that his debt falls within some one of the classes for which the homestead is bound under the constitution, it shall and may be lawful for such plaintiff, his agent or attorney, to make affidavit before any officer authorized to administer oaths,

that to the best of his knowledge and belief the debt upon which such execution is founded is one from which the homestead is not exempt; and it shall be the duty of the officer in whose hands the execution and affidavit are placed, to proceed at once to levy and sell, as though the property had never been set apart; the right being reserved to the defendant to deny the truth of the plaintiff's affidavit by counter-affidavit. Undoubtedly such an affidavit is indispensable to the legality of a sale of homestead property, made under execution issuing from a general judgment against the defendant. But it has, in effect, been ruled by this court, that where the execution and other papers upon which it was predicated show that the debt falls within some one of the classes for which the homestead is bound under the constitution, the filing of the affidavit required by section 2850 of the Civil Code is not necessary to the validity of a levy and sale under such execution. In the case of *McDaniel* v. *Westberry*, 74 *Ga.* 380, it was held that where the rules nisi and absolute and the execution set out that the debt was for purchase-money, it was unnecessary to file affidavit; that where rules nisi and absolute showed waiver of homestead in mortgage, the affidavit was unnecessary. (*McLaws* v. *Moore*, 83 *Ga.* 177.) Where there was a bond for title, judgment for purchase-money, and deed filed for levy, the affidavit was not required. *Perdue* v. *Fraley*, 92 *Ga.* 780. The rule deducible from these adjudications seems to be, that if the execution and papers upon which it is predicated show upon their face that the homestead property is, under the law, subject, the reason for the affidavit ceases, and that therefore the latter is not requisite to a valid levy and sale. Tested by this rule, we think the sale made of the homestead property in the present case was not invalid because of the fact that the plaintiffs in execution omitted to make the affidavit contemplated by the statute, if such realty was lawfully subject to the judgment under which it was sold; which is a question with which we shall hereafter deal. As we have seen, the verdict rendered in the proceedings to foreclose the lien declared specifically that the realty in dispute was subject to such lien, and the judgment entered upon this verdict and the execution issued in pursuance of the

judgment specifically directed the sale of this particular realty for the purpose of satisfying the amount adjudged to be due upon the lien. By a judgment all questions at issue, or which might properly have been raised in the proceeding upon which such judgment was rendered, are adjudicated. Where, therefore, it is declared in the judgment itself that a given piece of property, which had been set apart as a homestead, was subject to the lien of such judgment, such judgment necessarily carries with it the presumption that the debt upon which the judgment was founded was one to which the homestead was subject under the constitution, or that for other lawful reason the property so set apart was subject. Hence we conclude that, under the reasoning of the authorities to which reference has been made, it was not essential to the legality of the sale of the property in controversy that the plaintiffs in execution should have made and filed with the officer the affidavit contemplated by the statute, prior to the time of the making of the levy.

2. It appears that in 1877 the plaintiff (Davis) conveyed the property in dispute to one Morris as security for a debt. On or about the 27th of May, 1882, Davis employed Jackson & King as attorneys at law, under a stipulated fee for such service, to sue for and recover in his behalf from Morris the tract of land in question; and in pursuance of such employment, on or about the 3d day of June, 1882, they filed a bill in equity in behalf of Davis, in Fulton superior court, to recover said land, such bill containing proper prayers for reconveyance, etc. This suit resulted in a decree, rendered on October 6, 1883, in favor of Davis, requiring Morris to reconvey said real estate to Davis upon the payment of a given sum. In the meantime, to wit August 14, 1882, Davis had filed an application for a homestead, in which was included the property involved in the litigation between Davis and Morris, and on September 22, 1882, such application for homestead was approved and the property set apart. Pending the application for homestead, the attorneys who had represented Davis in the litigation between himself and Morris, knowing, as the evidence in the present record shows, of the pending application for a homestead, and by reason thereof wanting " a showing for their fee (contracted

for in the Morris litigation) with homestead waived," procured from Davis his promissory note containing a waiver of "all homestead and exemption rights . . as against said note or any renewal thereof." It further appears that, in addition to taking the note above referred to, Jackson & King filed and had recorded, in due time, in the office of the clerk of the superior court of Fulton county, a claim of lien upon the land which they had recovered from Morris for Davis, and that upon this claim of lien they instituted suit against Henry Davis, Sylvia Davis, and Joel R. Davis, to foreclose the alleged lien, and that after rule nisi had been granted upon this proceeding, reciting the material portions of the petition, and directing Henry Davis to pay into court, by the first day of the next term, the principal, interest, and costs due on said claim (for which the lien was sought to be foreclosed), or show cause to the contrary, and also ordering Joel R. Davis and Sylvia Davis to show cause why the claim of lien should not be foreclosed against any interest which they might have in the land, and after said defendants had appeared and defended said foreclosure proceedings, the verdict and judgment, under which the sale now attacked was made, were rendered.

Whether the plaintiff in the present action is concluded by the judgment rendered in such foreclosure proceedings is a question which, under the view we take of the case, it is not necessary to decide. Pending the application for homestead the attorneys were engaged in prosecuting for Davis a proceeding to recover for him title to the property covered by the application; and while it appears that the application was approved and the land in controversy set apart as a homestead, the litigation between Davis and Morris concerning the property so set apart did not result in a decree fixing the title in Davis until October 6, 1883. The rule is well established, that the right to homestead or exemption is personal to the debtor, the owner of the property, and its exercise or non-exercise is subject to his decision; that he can waive the right as to specific property, and, under the constitution of 1877, can affect

all his property (save the small amount expressly excepted in the constitution) by a general waiver. *Broach* v. *Powell*, 79 *Ga.* 81, and cases there cited. Such waiver may be made even while an application for homestead is pending, and is effectual although the debtor in whose favor such waiver was made knew of the pendency of such application. No right adverse to the power of the head of the family over his own property is vested in the family until the homestead is set apart. *Smith* v. *Shepheard*, 63 *Ga.* 454; *Jackson* v. *Parrott*, 67 *Ga.* 210. It appears from the facts in this case that the debt for which the lien was established was the identical debt as to which Davis had waived his right to homestead or exemption pending the application for such homestead; and we think that the note containing such waiver, although in the foreclosure proceedings no reference was made thereto, or to the fact that the land had been set apart, was competent evidence in the present action, in connection with other facts, to show that as to this debt the homestead and exemption rights had been waived, and that therefore the property set apart as a homestead was subject to the lien established. Indeed this court has held that, under the constitution of 1877 and the act of 1878, a written waiver of exemption and homestead is good inter se, without having the same alleged in the declaration or summons, judgment or execution, and is, after judgment, provable aliunde, whether the lien of the judgment be general or special, and whether the waiver be written on the contract or obligation, or on a separate paper. *Flemister* v. *Phillips*, 65 *Ga.* 676. We conclude, therefore, that the judgment foreclosing the lien was valid and binding upon the property set apart as a homestead, and that the sale under the execution issued therefrom was not illegal for any reason set out in the pleadings of the plaintiffs.

3. It follows that the court committed no error in refusing to grant a new trial. Let the judgment of the court below be

*Affirmed. All the Justices concurring.*