## JOHNS *v.* ROBINSON.

1. Where a sheriff, upon being directed by the attorney for a plaintiff in execution to levy upon machinery which it was difficult and expensive to transport, told the attorney that he must either pay for the expense of moving it to the county site or "stand good" for the cost of such removal, and such attorney then told him to levy upon the property and leave it where it was, the sheriff, after making the levy, was not relieved from the duty of maintaining his custody and control of the property until he could dispose of it by a legal sale. Consequently where the sheriff, by reason of his failure to exercise due care and diligence, lost control of the property and hence failed to sell it, he was answerable to the plaintiff in execution for the damages which he thereby sustained.

2. Where a sheriff, upon being sued for his failure to levy an execution upon certain personalty when directed so to do by the plaintiff in execution, pleads, as an excuse for not having made the levy, that such personalty had been set apart to the judgment debtor as homestead property, the burden is upon him to show that the homestead exemption in question was a valid one ; and where he fails to do this, he is answerable to the plaintiff in execution for the damages sustained by the latter in consequence of the failure to levy.

Argued November 4, — Decided November 16, 1903.

Action on bond.    Before Judge Fite.    Murray superior court. March 9, 1903.

*R. J. & J. McCamy,* for plaintiff.

*W. C. Martin* and *W. M. Jones,* for defendant.

FISH, P. J.    An action was brought for the use of John D. Johns against J. L. Robinson as principal, and several persons as sureties, on his official bond as sheriff of Murray county.    Robinson only was served.    On the trial there was a verdict for the defendant.    The plaintiff moved for a new trial, which was refused, and he excepted.

1.    One of the alleged breaches of the bond for which the action was brought was, that the sheriff had failed to sell a certain steam engine, the property of K. A. Rogers, which had been levied upon under an execution in favor of Johns against Rogers. . The defense set up by the sheriff, as stated in his testimony, was as follows:    " When I got orders from McCamy, John's attorney, to levy on the machinery, I saw said McCamy and told him that it would take fifty to sixty dollars to take it to Spring Place; that there was no money in Johns or Rogers; and that he, McCamy, must either pay for moving it or stand good for it, as I knew Rogers would get up something to stop the sale.    McCamy directed me to levy on the property and leave it where it was; and I directed my deputy to make the levy, which he did.    I never gave the matter any further attention ; don't know when the property was carried away by Rogers, nor that it was carried away at all."    It appears that this levy was arrested by some proceeding in behalf of Rogers — the record not disclosing its nature ; and that all of the machinery, except the engine, was found not subject to the execution.    The engine was found subject for the sum of $87.50.    McCamy, in his testimony, denied giving the sheriff such instructions.    It does not appear from the record what be-

came of the engine. Taking the evidence of the sheriff to be true, as we must in determining whether or not the verdict in favor of the defendant was authorized by the evidence, he was liable in damages for not selling the engine. The remarks of Chief Justice Bleckley, in *O'Pry* v. *Kennedy,* 86 *Ga.* 666, are so directly in point that we quote them in full. He said : "The Code, § 3646 [now Civil Code, § 5455], declares that where any sheriff shall levy an execution upon articles difficult and expensive to transport, he may sell the property without carrying to and exposing the same at the court-house door on the day of sale. The levy in this case being made upon a planing-machine, the officer was relieved by this statute from the duty of having the machine present at the time and place of sale. But there is no hint in the statute of any purpose to excuse him for not keeping the property in his possession or under his control. It was removed before the day of sale without his knowledge or consent, but there is no suggestion that the plaintiff in execution or his attorney was in any way connected with the act of removal. The duty and risk of preventing removal rested upon the officer ; the machine was in his legal custody ; and if, through his omission of due care and diligence, he lost control of it and for that reason failed to sell it, he is answerable to the plaintiff for its value, or for the amount of the execution if the amount is less than such value." In the present case, it appears from the sheriff's testimony that the attorney for the plaintiff in execution directed him to levy on the machinery and leave it where it was. There is no intimation that the attorney intended to relieve the sheriff of the duty of maintaining custody and control of the property until he could dispose of it by a legal sale. Under the statute, the sheriff had the right to leave the property where it was when he levied on it, without any direction to do so from the attorney. So the attorney merely directed him to do what he already had the right to do under the statute. The sheriff testified that after the levy he had paid no further attention to the property and did not know what had become of it. It is, therefore, clear that he failed to exercise due care and diligence in maintaining his control over it. As it appears from the record that the engine was worth more than $87.50, a verdict was demanded against the defendant, on this branch of the case, for that amount, as principal.

2. Another alleged breach of the bond, for which the plaintiff sought to recover damages, was the failure of the deputy sheriff to levy upon certain household and office furniture, pointed out by the attorney for the plaintiff in execution. The sheriff sought to defend, as to this branch of the case, by showing that this furniture had been set aside to Rogers as homestead property. The record shows that this property had been set apart to Rogers as exempt from levy and sale, but whether under the statutory or constitutional homestead does not appear. From the evidence in the case it appears that Johns had brought an action against Rogers in the superior court of Murray county, "sounding in trover," and that in such action it was found that Rogers had given to Johns a bill of sale to the furniture in question, to secure a debt of one hundred dollars, and Johns had obtained a judgment against Rogers for the amount of this debt, with a special lien on this furniture; that Johns, after obtaining this judgment, had reconveyed the property to Rogers, had such reconveyance recorded, and then his attorney directed the deputy sheriff to levy upon the furniture; that the deputy sheriff refused to do so, unless the attorney would make an affidavit that the homestead was subject to the execution. This the attorney refused to do, saying that he had already made one such affidavit and would not make another. He, however, at the time informed the deputy sheriff that Johns had reconveyed the property to Rogers. The bill of sale was not put in evidence, having been offered by the plaintiff and ruled out by the court upon an objection to its admissibility made by the defendant. But we regard this fact as immaterial, because Rogers, the defendant in execution, was bound by the findings and judgment in the trover suit, and the judgment therein rendered bound this particular property. Even if Rogers had had the property set apart as exempt under the constitutional homestead, it was not incumbent upon the plaintiff in execution, under the Civil Code, § 2850, to make an affidavit that the debt for which the execution was proceeding fell within one of the classes for which such a homestead is bound under the constitution; for, as we shall presently show, the alleged homestead was absolutely void, so far as this property was concerned. As said by our late and lamented brother, Presiding Justice Lumpkin, in *Moore* v. *Penn*, 115 *Ga.* 797: " If in point of fact the property in question had never

been exempted, there was no occasion for the plaintiff's undertaking to pursue the remedy provided for by the section of the code above cited." The alleged homestead exemption was void, as the title to the property had, by the bill of sale, been conveyed by Rogers to Johns, before the homestead was granted, as security for the debt, and was still in Johns when the homestead was set apart ; therefore Rogers could not obtain a homestead exemption therein. *McDaniel* v. *Westberry*, 74 *Ga.* 380 ; *Perdue* v. *Fraley*, 92 *Ga.* 780 ; *Evans* v. *Piedmont Building & Loan Asso.*, 118 *Ga.* 880. When the sheriff set up, as a reason for not levying on this property, that it had been set apart as a homestead exemption, it was incumbent upon him to show that there was a valid homestead (*Smith* v. *Banks*, 60 *Ga.* 642) ; and as the alleged homestead was, for the reason above stated, absolutely void so far as this property was concerned, he failed to make out his defense, and was, therefore, clearly liable to the plaintiff in execution for damages sustained by him by reason of the failure to levy.

*Judgment reversed. All the Justices concur.*