## 10085. SMITH & HOLLIS v. YOUNGBLOOD.

LUKE, J. 1. A landlord's rent lien on crops raised on the rented premises is in the nature of purchase-money, and is superior to a homestead exemption set apart out of the crops. See *Shirling* v. *Kennon*, 119 *Ga.* 501 (46 S. E. 630), and cases there cited.

(a) In order, however, to effect a valid levy upon such crops under an ordinary distress warrant, it is essential that it first appear that the crops were raised on the premises, and that the affidavit provided for in Civil Code (1910), § 3400, be of file. See *Davis* v. *Jones*, 95 *Ga.* 788-790 (23 S. E. 59).

(b) The failure to file such an affidavit is not cured by filing it after the levy and interposition of a claim to the property. See *Brantley* v. *Stephens*, 77 *Ga.* 467.

2. It was not shown by the affidavit to foreclose, or the warrant issued thereon, or the levy, that the levy was upon crops grown on the rented premises. In fact a part of the property described in the levy was "one white horse mule, smooth mouthed." To affirm the judgment dismissing the levy in this case does not conflict with *McDaniel* v. *West-*

*berry*, 74 *Ga*. 380; *McLaws* v. *Moore*, 83 *Ga.* 177 (2-b) (9 S. E. 615), *Perdue* v. *Fraley*, 92 *Ga*. 780 (19 S. E. 40), or *Davis* v. *Taylor*, 103 *Ga*. 366 (30 S. E. 50). The court in dismissing the levy did not err for any reason assigned.

*Judgment affirmed. Wade, C. J., and Jenkins, J. concur.*

DECIDED APRIL 19, 1919.

Levy and claim; from Taylor superior court—Judge Howard. April 1, 1918.

*C. W. Foy*, for plaintiff.

*C. B. Marshall, Jere M. Moore*, contra.