EQUITABLE CREDIT COMPANY INCORPORATED *v.* MILLER.

GILBERT, J. 1. Where one sells property, taking purchase-money notes containing a retention of title, and where on default in the payment of such notes the vendor levies an attachment on the property, the vendee replevies the property, the vendor files his declaration in attachment, and the debtor is adjudicated a bankrupt within four months after the levy of the attachment, and thereafter on the trial of the case the defendant pleads his discharge in bankruptcy, such discharge does not affect the right of the vendor, holder of title, to obtain a special judgment against the property and to bring the property to sale to pay the debt.

2. "The effect of 67 f of the national bankruptcy act is not to avoid the levies and liens therein referred to against all the world, but only as against the trustee in bankruptcy and those claiming under him." *McKenney* v. *Cheney,* 118 *Ga.* 387 (45 S. E. 433) ; *Spradlin* v. *Kramer,* 146 *Ga.* 396 (91 S. E. 409) ; *McBride* v. *Gibbs,* 148 *Ga.* 380 (96 S. E. 1004) ; *Coker* v. *Utter,* 152 *Ga.* 157 (108 S. E. 538).

3. The replevy bond takes the place of the property, and in the circumstances above stated the discharge in bankruptcy will not prevent a judgment being rendered against the surety on such bond.

4. These rulings do not conflict with *Alvaton Mercantile Co.* v. *Caldwell,* 156 *Ga.* 317 (119 S. E. 25). In that case the court was not dealing with the rights of a creditor to subject property which he had sold with retention of title, or on which he held a lien by contract. The lien asserted was one arising by general judgment. The general judgment being void because of discharge in bankruptcy, the lien created thereby and the liability of the surety were also discharged.

5. Moreover, the homestead-exemption feature adds nothing to the benefit of the debtor. In the purchase-money note sued on there was a waiver of homestead, a retention of title, and also the express retention of the right to take possession of the property on default in payment of the debt. Therefore, the debt being for purchase-money, the debtor having no title and having waived homestead, he was absolutely without legal right to interfere with the subjection of the property to payment of the debt. *Perdue* v. *Fraley,* 92 *Ga.* 780 (19 S. E. 40) ; *Johns* v. *Robinson,* 119 *Ga.* 59, at page 63 (45 S. E. 727).

6. It follows that the Court of Appeals erred in reversing the judgment of the trial court.    *Judgment reversed. All the Justices concur.*

No. 5559. APRIL 12, 1927.

The case came to the Supreme Court from the Court of Appeals upon writ of certiorari. A statement of the case as it appears in the Court of Appeals report is as follows: "An attachment for the balance due on the purchase-price of an automobile was issued

Bankruptcy, 7 C. J. p. 185, n. 35; p. 192, n. 66, 67; p. 196, n. 83; p. 197, n. 89, 90; p. 397, n. 1 New; p. 409, n. 85.

Exemptions, 25 C. J. p. 113, n. 68.

4

on September 13, 1924. The attachment was levied November 7; a replevy bond was given November 10; the defendant was adjudged a bankrupt November 12, and filed his original answer on November 10. A declaration in attachment was filed January 2, 1925, and the defendant was discharged in bankruptcy on April 11, 1925. Plaintiff amended its declaration in attachment, and alleged that the note given for the purchase-price of the automobile contained 'a retention-of-title contract on the automobile involved in this case,' and that the automobile was set aside by the trustee in bankruptcy to the defendant as a part of his homestead. The defendant, on September 15, 1925, filed an amendment to his answer, alleging his discharge in bankruptcy. The judge of the city court of Floyd County, who heard the case without a jury, 'entered a judgment against the defendant and his security on the replevy bond, and a special judgment in rem against the automobile, and stay of execution against the defendant, T. C. Miller.' To this judgment the defendant excepted." *Miller* v. *Equitable Credit Co. Inc., 35 Ga. App.* 184 (133 S. E. 750). Additional facts are that there was a waiver of homestead, and an express reservation of the right to take possession of the property on default in payment of the debt.

The only assignment of error upon the judgment of the Court of Appeals is as follows: "The Court of Appeals erred in holding and deciding that a discharge in bankruptcy granted to defendant (the same having been pleaded and sustained by proof) was a bar to and would prevent the rendition of a judgment in favor of plaintiff against defendant, with perpetual stay of execution as to him, for the purpose of permitting plaintiff to take judgment against his surety on a replevy bond given by defendant to secure possession of personal property from the levying officer where said property had been levied upon under a purchase-money attachment within four months prior to defendant's adjudication to be a bankrupt, issued and levied in favor of plaintiff against defendant, based on a contract waiving all rights of homestead and exemption on behalf of defendant and retaining title to the property levied as security for the purchase-price thereof, said property having been claimed by and set aside to said defendant in his bankruptcy proceedings as a part of his homestead and exemption under the bankrupt law, plaintiff having failed to apply for and

secure a stay of the granting to defendant of a discharge in the bankrupt court until plaintiff's rights under the waivers of exemption in its contract could be enforced in the State courts, and the adjudication of defendant to be a bankrupt occurring after the levy of said purchase-money attachment."

*Willingham, Wright & Covington* and *Frank Carter,* for plaintiff.

*M. B. Eubanks,* for defendant.